UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GERMAN PEREZ-RAMIREZ,

Petitioner,

v.

DAVE LINDEMANN, Special Agent, IMMIGRATION & NATURALIZATION SERVICE,

Respondents.

Civil File No. 00-1097 (DSD/SRN)

**REPORT AND RECOMMENDATION**

German Perez-Ramirez, Federal Medical Center, Rochester, Minnesota, 55903, Petitioner, pro se.

Friedrich A. P. Siekert, Assistant U.S. Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for Respondents.

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on the petition of German Perez-Ramirez for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents have filed an answer contending that Petitioner is not entitled to habeas corpus relief, and that his petition should be dismissed. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it will be recommended that this action be dismissed with prejudice.

## I. BACKGROUND

Petitioner is a Mexican alien who has been convicted of violating U.S. drug laws. He is currently serving a 70-month prison sentence at the Federal Medical Center in

FILED NOV 29 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Rochester, Minnesota, ("FMC-Rochester"). He will be required to serve a five-year term of supervised release after he is released from prison, which is currently expected to occur on August 23, 2003. (Respondent's Exhibits, [Docket No. 6], Exh. B.)

Under federal law, when an alien is serving a prison sentence for a deportable offense,[1] the Attorney General, acting through the Immigration and Naturalization Service, (INS), must make arrangements to take custody of the alien upon his release from prison. 8 U.S.C. § 1226(c). To fulfill its responsibility in cases involving federal prisoners, the INS typically issues a "detainer," which informs the federal Bureau of Prisons ("BOP") of an alien's potential deportability, and requests the BOP's cooperation in order to ensure that the INS is able to secure custody of the alien when the BOP is ready to release him. 8 C.F.R. §287.7(a).[2]

---

[1] According to 8 U.S.C. § 1226(c)(1), deportable offenses include those described in § 1227 (a)(2)(A)(iii) (an "aggravated felony") and § 1227(a)(2)(B) (a violation of any law or regulation of the United States relating to a controlled substance, "other than a single offense involving possession for one's own use of 30 grams or less of marijuana"). The instant Petitioner could be subject to deportation under either of these two clauses of § 1227(a)(2), because he has been convicted of violating a controlled substance law, and because he has been convicted of an "aggravated felony." See U.S. v. Ramnath, 958 F.Supp. 99, 100 (E.D.N.Y. 1997) ("[a]liens convicted of trafficking in a controlled substance are aggravated felons... and are thus deportable"). Petitioner apparently does deny that he has been convicted of a deportable offense.

[2] According to 8 C.F.R. § 287.7(a) --

> "A detainer serves to advise another law enforcement agency that the Service seeks custody of an alien presently in custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Service, prior to release of the alien, in order for the Service to arrange to assume custody, in situations when gaining immediate custody is either impracticable or impossible."

In this case, the INS issued an "Immigration Detainer – Notice of Action" on June 8, 1999. (Respondent's Exhibits, Exh. E.) The detainer, which is addressed to FMC-Rochester, indicates that an "[i]nvestigation has been initiated to determine whether [Petitioner] is subject to removal from the United States" -- presumably because of his federal criminal conviction. The detainer also asks federal prison officials, inter alia, to "accept this notice as a detainer," to notify the INS "of the time of [Petitioner's] release at least 30 days prior to release or as far in advance as possible," and to notify the INS "in the event of the inmate's death or transfer to another institution." (Id.) The detainer also specifically states that "[t]his is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments or other treatment which he or she would otherwise receive." (Id.)

The INS agent who issued Petitioner's detainer, Dave Lindemann, is one of the named Respondents in this action. The other named Respondent is the INS itself. The petition lists three grounds for relief, which, restated in their entirety, are as follows: (1) "Due Process Violation by the United States, Immigration Service, Detainer filed with no way of relief;" (2) "Obstruction of Justice by the United States, Immigration Service;" and (3) "Violation of 18 United States Code (U.S.C.) 402."[3] The petition itself provides no explanation of these three conclusory claims. However, it appears from the memorandum submitted with the petition, (Docket No. 2), that Petitioner is claiming that the INS detainer against him should be vacated, and that the INS should be ordered to immediately conduct

---

[3] 18 U.S.C. § 402 pertains to "contempts constituting crimes." Petitioner has offered no clue as to the possible relevance of this statute to his current claims for relief.

a hearing to determine his deportability. Petitioner contends that he is entitled to a writ of habeas corpus that would grant him such relief, pursuant to both the "speedy trial" clause of the Sixth Amendment and the Interstate Agreement on Detainers, ("IAD"). The Court disagrees.

## II. DISCUSSION

A writ of habeas corpus directs the custodian of a prisoner to release the prisoner from his confinement, if such confinement has been shown to be unlawful. Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)("[t]he Writ of Habeas Corpus functions to grant relief from unlawful custody or imprisonment"), cert. denied, 490 U.S. 1082 (1989). If the prisoner is not in the custody of the party against whom relief is sought, then a writ of habeas corpus cannot be granted. Id.

In this case, Petitioner is currently in the custody of the BOP, serving a prison sentence for his federal criminal offense. However, Petitioner is not challenging the propriety of the BOP's custody. He is not attacking his conviction or sentence; he is not challenging the fact or duration of his confinement; and he is not otherwise claiming that the BOP should release him any earlier than it is planning to do so. Instead, it clearly appears that Petitioner is actually seeking relief from the INS. More specifically, he is asking the Court to vacate the INS detainer and direct the INS to conduct an immediate hearing on his deportability. Such relief is not available by writ of habeas corpus, however, because Petitioner is not in INS custody at this time.

According to Campillo, an alien who is committed to the BOP to serve a federal prison sentence following a criminal conviction is considered to be in BOP custody -- not

INS custody. 853 F.2d at 595. If the INS determines that an alien in BOP custody may be deportable, then the INS may issue a detainer notifying the BOP of the alien's potential deportability – which is what the INS did in Petitioner's case. By issuing such a detainer, however, the INS does not take a prisoner into custody. The detainer "merely notifies prison officials that a decision regarding [the alien's] deportation will be made by the INS at some future date." Id.

Thus, our Court of Appeals has expressly concluded that "[t]he filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petition for a writ of habeas corpus." Id. The Eighth Circuit has specifically rejected the suggestion that an INS detainer, such as the one issued in the present case, might give the INS constructive custody, or "technical custody," of an alien who is serving a federal prison sentence in a BOP facility. In the words of the Court "[w]e do not believe that the filing of a detainer with prison officials amounts to the taking into custody, technical or otherwise, of the petitioner." Id. at 596.

Based on Campillo, the Court concludes that habeas corpus relief cannot be granted to Petitioner in this case, because he is not presently in the custody of the party against whom relief is sought -- namely the INS.[4] As long as Petitioner is not in INS

---

[4] Decisions from other circuits are consistent with Campillo, and lend further support to the Court's conclusion. See, e.g., Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994)("bare detainer letter does not sufficiently place an alien in INS custody to make Habeas corpus available"); Prieto v. Gluch, 913 F.2d 1159, 1162-64 (6th Cir. 1990)(same), cert. denied, 498 U.S. 1092 (1991); Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990)(same).

The case cited in Petitioner's Memorandum, (Docket No. 2), Alanis-Bustamante v. Reno, 201 F.3d 1303 (11th Cir. 2000), is inapposite. When the petitioner in that case filed

custody and his deportability has not yet formally become an issue, the federal habeas corpus statutes do not provide a means to either (a) challenge the validity of his INS detainer, or (b) force the INS to expedite its resolution of his deportability.

Furthermore, Petitioner is simply not entitled to any form of relief based on the speedy trial claims set forth in his current petition -- under the habeas corpus statutes or otherwise. The Sixth Amendment's speedy trial clause is wholly inapplicable here, because deportation proceedings are civil -- not criminal -- in nature. Preito, 913 F.2d at 1161. See also Argiz v. U.S. Immigration, 704 F.2d 384, 387 (7th Cir. 1983) (INS's failure to provide a speedy deportation hearing does not implicate Sixth Amendment rights, because "deportation proceedings consistently have been classified as civil rather than criminal proceedings"). For the same reason, Petitioner "has no remedy under the Interstate Agreement on Detainers." Prieto, 913 F.2d at 1161. See also United States v. Gonzalez-Mendoza,985 F.2d 1014, 1016 (9th Cir. 1993) (INS detainer relating to prisoner's potential deportability is not covered by IAD); Cabrera-Delgado v. U.S., 111 F.Supp.2d 415, 417 (S.D.N.Y. 2000) (INS detainer "dealt with a potential civil action against [petitioner] to deport him, not an actual criminal charge" and thus the detainer "is not covered by the IAD"); Gonzalez v. INS, 867 F.2d 1108 (8th Cir. 1989) (federal inmate has no statutory right to expeditious deportation hearing); Herbage v. Carlson, No. 92-1920 (8th Cir. 1992), 1992 WL 323466 (unpublished opinion) (district court properly dismissed

---

his habeas corpus petition, he was actually in INS custody and was challenging an INS deportation order -- not a detainer. The instant Petitioner, however, is neither in INS custody nor challenging an INS deportation order. His circumstances are therefore substantially different from those confronting the petitioner in Alanis-Bustamante.

habeas corpus petition filed by FMC-Rochester inmate "seeking an immediate deportation hearing by the [INS]").[5]

As summarized in Deutsch v. U.S., 943 F.Supp. 276, 279 (W.D.N.Y. 1996), a potentially deportable prisoner

> "simply has no right to a speedy deportation hearing and the INS is under no duty to afford him one. It is well settled that the INS' failure to provide an inmate a speedy deportation hearing does not implicate his Sixth Amendment rights, and, therefore, the provisions of the Speedy Trial Act and the Interstate Agreement on Detainers do not apply."

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner is not currently entitled to any relief in this matter -- under 28 U.S.C. § 2241 or otherwise. It is therefore recommended that this action be dismissed with prejudice.[6]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 1), be DENIED;

---

[5] Unpublished opinions can properly be relied upon as precedential case law in actions decided within the Eighth Circuit. Anastasoff v. U.S., 223 F.3d 898 (8th Cir. 2000).

[6] On July 11, 2000, Petitioner filed a self-styled motion entitled "Petitioner's Pro Se Motion Requesting Summary Judgment." (Docket No. 7.) As a general rule, habeas corpus petitions are not decided on the basis of summary judgment motions, but simply on the basis of the facts and law presented in the petition, the return, and all other materials submitted in support of, or in opposition to, the petition. In this case, Petitioner's motion has been considered as a submission in support of his petition. For the record, however, Petitioner's "motion for summary judgment" will be denied, based on the Court's determination that he is not entitled to habeas relief.

2. Petitioner's motion for summary judgment, (Docket No. 7), be DENIED; and

3. This action be DISMISSED WITH PREJUDICE.

Dated: November 29, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.